NOT FOR PUBLICATION

RECEIVED
SEP 6 2005
AT 8:30 _____
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CLIFTON STATON,                    :
                                   :   Civil Action No. 02-1833 (GEB)
            Petitioner,            :
                                   :
       v.                          :   OPINION
                                   :
ROY L. HENDRICKS,                  :
et al.,                            :
            Respondents.           :

**APPEARANCES:**

Clifton Staton, Petitioner pro se
#259755
New Jersey State Prison
P.O. Box 861
Trenton, New Jersey  08625

Counsel for Respondents
James M. Scott, Esquire
Office of the Mercer County Prosecutor
Mercer County Courthouse
P.O. Box 8068
Trenton, NJ 08650

**BROWN, JR.**, District Judge

   This matter is presently before the Court upon Petitioner's submission of a Motion [Docket Entry No. 34] for Reconsideration of this Court's Opinion [32] and Order [33] entered May 4, 2005, pursuant to which this Court denied his Petition for Writ of Habeas Corpus.  Familiarity with this Court's Opinion and Order of May 4, 2005, is presumed.

The standard for reconsideration is high and reconsideration is to be granted only sparingly. See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994). In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration. On February 24, 2005, Local Civil Rule 7.1(g), which governed motions for reargument, was repealed. Now Local Civil Rule 7.1(i) governs motions for reconsideration. Despite the rule's reassignment to a different subsection of Rule 7.1, it remains substantively the same and is decided under the same stringent standard. Under Rule 7.1(i), the movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. See United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999); see also L. Civ. R. 7.1(i). "The word 'overlooked' is the operative term in the Rule." Bowers v. Nat'l Collegiate Athletic Ass'n, 130 F. Supp. 2d 610, 612 (D.N.J. 2001)

(citation omitted).

Reconsideration is not available for a party seeking merely to reargue matters already addressed by the Court. See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990). A motion that merely raises disagreement with the Court's initial decision is not an appropriate reconsideration motion, but should be dealt with in the normal appellate process. See Bowers, 130 F. Supp. 2d at 612 (citations omitted); see also Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 163 (D.N.J. 1988). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation omitted).

Here, Petitioner alleges that he never received a copy of the Respondents' Answer and that he was unable, therefore, to file a Traverse in support of his Petition. The Court notes that the cover letter to Respondents' Answer [31] states that two copies of the Answer and one copy of the exhibits were forwarded to Petitioner at the same time the Answer was filed. In addition, in response to Petitioner's letters to the Court, chambers staff contacted counsel for Respondents and were assured that a second copy of the Answer would be served on Petitioner.

In reality, Petitioner asks this Court to vacate its Opinion and Order and address Petitioner's claims anew. In his Motion,

however, Petitioner fails to identify any error in the factual or legal findings of the court that might alter the disposition of this matter. Petitioner has failed to explain what facts or law this Court has overlooked in its Opinion and Order. Accordingly, Petitioner has failed meet the standards for granting reconsideration as to the denial of his Petition. The motion must be denied. An appropriate Order will be entered.

_____
Garrett E. Brown, Jr., Chief Judge
~~United~~ States District Court

Dated: September 6th, 2005