RECEIVED

NOT FOR PUBLICATION

AUG 2 7 2007

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

AT 8:30_____M
WILLIAM T. WALSH
CLERK

CLIFTON STATON,                      :

      Petitioner,                    :        Civ. No. 02-1833 (GEB)

           v.                        :        MEMORANDUM OPINION

ROY L. HENDRICKS,                    :

      Respondent.                    :

## BROWN, Chief Judge

This matter comes before the Court by remand from the Court of Appeals for the Third Circuit of Petitioner Clifton Staton's ("Petitioner") motion for reconsideration. Petitioner sought reconsideration of this Court's April 29, 2005 decision to deny his Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court will consider Petitioner's petition for Habeas Corpus *de novo*, and deny it. Petitioner's motion for reconsideration is also denied.

I.     BACKGROUND

Since much of the factual background and procedural history of this case has been addressed at length in this Court's prior opinions, the Court will only address the essential facts here. Mr. Staton's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, was filed by the Clerk of the Court on April 22, 2002. This Court denied the petition on April 29, 2005. On May 26, 2005, the Clerk of the Court filed Mr. Staton's motion for reconsideration of that decision. The Court denied Mr. Staton's motion for reconsideration on September 6, 2005. Mr.

Staton filed an appeal of the Court's denial of his motion for reconsideration on October 12, 2005. The Court of Appeals for the Third Circuit granted Petitioner's appeal on May 7, 2007, vacated this Court's denial of the motion for reconsideration, and remanded the matter to this Court "in order for plaintiff to have the opportunity to file a traverse to the defendant's answer . . . ." *(See* May 7, 2007 Order). In compliance with the Court of Appeals' Order, this Court ordered on June 12, 2007 that: (1) Petitioner file a traverse to Respondents' Answer; and (2) in the event such a traverse were timely filed, the Court would rule on Petitioner's motion for reconsideration as unopposed.

Petitioner's traverse was filed by the Clerk of the Court on July 2, 2007. The Court will now consider Mr. Staton's traverse with regard to the original denial of the petition, and will rule on his motion for reconsideration.

II.    DISCUSSION

      A.    STANDARD

The standard for habeas review is set forth in this Court's April 29, 2005 Opinion, at pages 8 through 11.

The standard for reconsideration is high, and reconsideration is to be granted only sparingly. *United States v. Jones,* 158 F.R.D. 309, 314 (D.N.J. 1994), *citing Maldonado v. Lucca,* 636 F. Supp. 621, 630 (D.N.J. 1986). In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration.[1]  L. Civ. R. 7.1(i). The movant has the burden of

---

[1]    On February 24, 2005, Local Civil Rule 7.1(g), which governed motions for reargument, was repealed. Now Local Civil Rule 7.1(i) governs motions for reconsideration. Despite the rule's reassignment to a different subsection of Rule 7.1, it remains substantively the same and is decided under the same stringent standard.

demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999), *citing N. River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999); *see also* L. CIV. R. 7.1(i). "The operative word in the rule is 'overlooked'." *Id.* Reconsideration is not available for a party seeking merely to reargue matters already addressed by the Court. *See G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990).

B.     THE TRAVERSE

Petitioner filed a 35-page traverse, which basically outlines his original claims in his original petition. Petitioner argues that the jury charge violated his constitutional rights (Traverse, p. 3); that the verdict sheet omitted two theft counts and prevented the jury from returning a verdict on the lesser included theft counts (Traverse, p. 11); that the verdicts were irreconcilable because he was acquitted of aggravated assault and weapons related offenses, but found guilty of first-degree armed robbery and car theft (Traverse, p. 16); trial court errors (Traverse, p. 21); and ineffective assistance of counsel (Traverse, p. 25).

C.     APPLICATION

Having reviewed Petitioner's submissions, the Court will deny Mr. Staton's motion for reconsideration and deny his Section 2254 petition. This Court originally denied Mr. Staton's Section 2254 petition on April 29, 2005, holding that:

3

- "[T]he jury instructions did not result in a fundamentally unfair trial or a violation of Petitioner's due process rights," as there was "no indication that the jury misapplied the challenged instruction," and that "even if the charge was improper . . . any error would be considered harmless in that it did not have a substantial effect on the verdict." April 29, 2005 Opinion at 16.

- Petitioner had not demonstrated that the actions of the state courts in enforcing the verdict sheet resulted in a decision that was contrary to clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at trial, even though two of the 14 counts against petitioner had been omitted . *Id.* at 21.

- While the trial court may have erred in allowing the prosecutor to lead a witness and elicit testimony that Petitioner had just returned home from prison, Petitioner's case "[wa]s not the rare instance where evidentiary rulings ha[d] violated his rights to due process." *Id.* at 22-25.

- Trial counsel's failure to object to testimony that Petitioner had just come home from prison was not so deficient as to deny petitioner the benefit of counsel, and Petitioner failed to demonstrate that the result of is trial would have been different had such an objection been made. *Id.* at 28.

- The post-conviction-relief judge correctly found that Petitioner had failed to make a showing of ineffective assistance of counsel sufficient to warrant an evidentiary hearing under New Jersey law. *Id.* at 30.

4

The Court has reviewed its original Opinion denying the petition, and Mr. Staton's motion for reconsideration, in light of his July 2, 2007 traverse. Nothing submitted by Petitioner provides a basis for the reversal of this Court's April 28, 2005 denial of the § 2254 petition. As for Mr. Staton's traverse, it fails to show that the Court overlooked a factual or legal issue that may have alter the disposition of the matter in issuing its April 29, 2005 opinion. *See United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999). Each of the claims presented in Petitioner's traverse was discussed in this Court's Opinion of April 29, 2005. Petitioner's traverse adds nothing to the arguments already considered by this Court, and does not demonstrate that reconsideration is warranted.

III.    CONCLUSION

For the foregoing reasons, in light of Petitioner's traverse, the Court will deny the original petition, for the reasons stated in the Opinion dated April 29, 2005 and above, and deny Petitioner's motion for reconsideration. An appropriate form of Order accompanies this Memorandum Opinion.

GARRETT E. BROWN, JR., Chief Judge
United States District Court

Dated: *August 27, 2007*

5